1  JOSEPH T. MCNALLY
   Acting United States Attorney
2  LINDSEY GREER DOTSON
   Assistant United States Attorney
3  Chief, Criminal Division
   JONATHAN GALATZAN
4  Assistant United States Attorney
   Chief, Asset Forfeiture and Recovery Section
5  ROBERT I. LESTER (Cal. Bar No. 116429)
   Assistant United States Attorney
6       312 North Spring Street, 11th Floor
        Los Angeles, CA 90012
7       Telephone: (213) 894-3802
        Facsimile:  (213) 894-6269
8       E-mail: robert.lester@usdoj.gov

9  Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11               UNITED STATES DISTRICT COURT

12             FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

| UNITED STATES OF AMERICA, | No. CV 25-1919 |
|---|---|
| Plaintiff, | **UNITED STATES OF AMERICA'S APPLICATION FOR ISSUANCE OF:** |
| v. | **WRIT OF CONTINUING GARNISHMENT TO GARNISHEE [28 U.S.C. § 3205(b)]** |
| SALVADOR GALVAN, aka "Salvador Galvan, Jr.," | |
| Defendant. | **and** |
| | **CLERK'S NOTICE OF ENFORCEMENT TO DEBTOR [28 U.S.C. § 3202(b)]** |
| | **[CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM ("CalPERS")]** |

The United States of America, in accordance with 28 U.S.C. § 3205(b)(1), applies for a Court order issuing a writ of continuing garnishment in order to secure payment on the criminal judgment debt entered in *United States v. Salvador Galvan,* CR 17-0283-JLS.  The United States also seeks the issuance of a clerk's notice pursuant to 28 U.S.C. § 3202(b), as prepared and submitted by the United States as an attachment to this application.

On November 3, 2017, the Court imposed the following criminal judgment debt against defendant Salvador Galvan, aka "Salvador Galvan, Jr." ("Defendant"):

- Restitution: $3,721,924.00; and
- Special assessment: $100.00.

Defendant's social security number is ***-**-7993, and Defendant resides in Compton, California.

As of March 3, 2025, the principal balance of Defendant's criminal debt is $3,675,225.98.  Demand for payment of the above-stated debt was made upon Defendant more than thirty (30) days before the date of this application, and Defendant has not paid the amount due.

Garnishee California Public Employees' Retirement System[1] ("Garnishee") is believed to owe or will owe, money or property to Defendant, or is in possession of property of Defendant, and Defendant has a substantial nonexempt interest in the property.  Specifically, it is believed that funds, assets, or property belonging to Defendant are currently in Garnishee's possession, custody, or control.  By and through this writ of continuing garnishment, the United States seeks to take the funds or property from Defendant to secure payment towards the criminal judgment debt.  28 U.S.C. § 3205(b)(1)(C).

///

///

---

[1] The California Public Employees' Retirement System is commonly known as "CalPERS."

Specifically, the funds, assets, or property in this case include both employee contributions paid by Defendant to Garnishee during the period of time in which he has forfeited rights to a CalPERS pension because of his felony conduct pursuant to Cal. Govt. Code § 7522.72,[2] and to the extent that Defendant made contributions to Garnishee prior to the commission of his felony conduct.

The name and address of Garnishee or the Garnishee's authorized agent are:

> CalPERS Legal Office
> 400 P Street, 3d Floor
> Sacramento, CA 95814

DATED: March 5, 2025.

Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Robert I. Lester*
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[2] Section 7522.72 is part of the California Public Employees' Pension Reform Act of 2013 (§ 7522 *et seq.*; PEPRA). It provides, in relevant part, that "[i]f a public employee is convicted by a state or federal trial court of any felony under state or federal law for conduct arising out of or in the performance of his or her official duties, . . . he or she shall forfeit all accrued rights and benefits in any public retirement system in which he or she is a member to the extent provided in subdivision (c) and shall not accrue further benefits in that public retirement system, effective on the date of the conviction." Section 7522.72(b)(1). *See, e.g., Estrada v. Public Employees' Retirement System*, 95 Cal. App. 5th 870, 313 Cal. Rptr. 3d 732 (2023) (applying Government Code § 7522.72).

3